By the Court.—Freedman, J.
This action is brought by the plaintiffs to recover the sum of $182.40, paid by them under legal compulsion to relieve their real estate from a lien for extra Croton water, which the defendant, while he occupied towards them the relation of a lessee, had consumed in his business as a livery stable keeper carried on upon their premises.
Upon a re-examination of all I said in Hill v. Thompson (since affirmed by the general term*). I adhere to the opinion that one of the objects and effects of section 13 of *217 chapter 383 of the Laws of 1870,- and of section 73 of chapter 335 of the Laws of 1873, was and is to make the expense of the placing of a water meter in or upon any of "the premises specified in the said acts, and the charge for extra consumption of Croton water over and above the quantity covered by the regular building rate, a lien upon the land. The words “as now provided by law ” make the lien thus given one of the same character and nature as the lien created by prior legislation for regular water rents. It is also to be enforced in like manner. But there is nothing in said acts, or either of them, or in any other statute, which makes the actual consumer of the extra water personally liable for the meter rates. If such were the case, it would be a grave question whether the land of the lessor could be constitutionally subjected to a lien for the payment of the personal debt of the lessee. But it is not the case. ' The only means of enforcing payment of any extra water rent which exist, consist in the provision for a lien for the a mount due on the premises to which the water is furnished, which lien may be enforced by a sale of the premises, and in the power to cut off the supply of water in case of nonpayment. The lien is therefore given under and by virtue of the taxing power of the state just as it is given for the regular water rents, by reason of the benefit accruing to the property on which it is imposed.
This being so, the rule as between lessor and lessee is, that the lessee is no more bound to pay the extra water-rate than he is bound to pay the regular rate, unless he has covenanted to pay it or unless there are circumstances which raise an implied promise on his part in favor of the lessor. That, in the absence of a covenant to pay, the lessee is not liable to pay the regular rate, or any tax or assessment upon the premises, is a proposition so firmly established as to render it unnecessary to cite authorities.
As between the parties to this action it has already been adjudged in a former action (ante, p. 165) that the defendant is not liable for extra water consumed by him by reason *218 of any covenant in the lease. It therefore remains to be seen whether upon the special facts of the case a promise to pay can be implied.
True, in the year 1879, there was consumed on plaintiff’s premises by the defendant a certain quantity of Croton water which was measured through a meter, and the charge for which over and above the regular rate amounted to $166.85. This charge was not paid, and was returned by the Department of Public Works to the office of the Clerk of Arrears in the Finance Department, and in due course of time and procedure became a lien upon the premises of the plaintiffs. The plaintiffs paid the amount with the interest accrued thereon, amounting altogether to the sum of $182.40, and then brought this action to recover back the money.
But the defendant in the year referred to, was upon the said premises as the assignee of the lease executed by and between his assignor and the assignors of the plaintiffs. The relation between the parties to this action is therefore the same as between lessor and lessee, and as such it is governed in the first instance, if not wholly so, by the terms of the written lease.
Now at the time of the execution of the lease there was a meter in, upon, and attached to the premises. The lease conveyed the premises Nos. 114, 116, 118 and 120 West 46th street in the city of New York, with the stables and office fixtures thereon, and the appurtenances belonging thereto, and, in addition to the reservation of an annual rent of $4,500, contained the following agreement on the part of the lessee, viz. : to keep on said premises during the term of the lease, free of charge, one horse or more and two wagons, harness^ &c., belonging to John Gr. Cary. It also contained the following covenant on the part of the lessee:
“ To pay the regular annual rent or charge which is or may be assessed or imposed according to law upon the said premises for Croton water, on or before the first day of *219 August, in each year, during the term, and if net so paid, the same shall be added to the quarter’s rent then due.”
In view of these covenants, and there being no evidence that the lease did not constitute the whole of the contract between the original parties, and it having been conceded that the defendant did pay all the regular annual water-rent or charge, the case therefore comes down to this : The parties, who must be presumed to have known the law and to have entered into the contract with reference to the law, knew that both the regular and the extra water-rent or charge might become liens upon the land ; that the stables embraced in the lease, with a meter then and there in them, were subject to an extra charge ; and that in the absence of a covenant on the partof the lessee, to pay either charge, •the lessors would have to pay it. With the knowledge of all these matters the parties made the contract they did, by which the lessee was to pay only the regular charge. How then can the court say that the lessors did not, in the rent they reserved, include the extra charge, or that the lessee would have agreed to pay the reserved rent, if he was to be liable for the extra charge. The court cannot make a -new contract between the parties, and the one they did make, is governed by the principle “ expressio unius est exclusio alierius.” The lessee having been expressly obligated to pay a specified part of the water, the implication is that he was not to pay the other part.
The action, if sustainable at all, can only be sustained on the theory of money paid by the plaintiff for the use of the defendant at the latter’s special instance and request. But in the case at bar, there neither was an express request, nor can one be implied. Before the law will raise an implied request in any case, it must appear that the one against whom the request is to be implied, was bound to pay in the first instance, and that the claim paid is one, for the satisfaction of which the property of the one in favor of whom the request is to be implied, can be lawfully taken without any fault or negligence on his part. Whenever these elements concur, the parties are placed in the *220 position of principal and surety, the one against whom the request is implied, being the principal, and the one in whose favor it is implied, being the surety. But in the present case these considerations only lead back to the question as to what the contract was, and upon that it has already been shown the defendant cannot be held.
It appearing, therefore, that the defendant is not liable under the lease, to pay for extra water, and that no promise ro pay for extra water can be implied against him, the plaintiffs’ complaint was properly dismissed.
The judgment should be affirmed, with costs.
Sedgwick, Ch. J., and O’ Gorman, J., concurred.

 See ante, p. 165.